CLINTON WIRE-CLOTH CO. v. WRIGHT & COLTON WIRE-CLOTH CO.

(Circuit Court, D. Massachusetts. January 22, 1895.)

No. 222.

PATENTS—INVENTION—INFRINGEMENT—WIRE CLOTH.
 The Wright patents, No. 239,011, for a shuttle for weaving wire cloth, and No. 239,012, for an improvement in the art of weaving wire cloth, *held* valid, as showing patentable invention.

This was a suit by the Clinton Wire-Cloth Company against the Wright & Colton Wire-Cloth Company for infringement of certain patents.

Cansten Browne and Alex. P. Browne, for complainant.
Elmer P. Howe, for defendant.

CARPENTER, District Judge. This is a bill in equity to restrain an alleged infringement on letters patent No. 239,011, issued March

15, 1881, to George F. Wright, for shuttle for weaving wire cloth, and No. 239,012, issued March 15, 1881, for improvement in the art of weaving wire cloth. It appears that in weaving wire cloth by means of a shuttle a difficulty was found to exist by reason of the fact that the wire in leaving the shuttle acquired a twist, in consequence of which the surface of the fabric was distorted. This difficulty has been met by the improvement described in the art patent, which improvement may be best stated in the words of the claim of that patent, as follows:

"The hereinbefore described improvement in the art of weaving wire cloth, which consists in swaging the coils of filling wire into the body of the wire during the process of weaving, substantially in the manner specified."

The method by which this is accomplished is shown in the patent for the shuttle. It shows a shuttle containing a case or chamber for the cop of wire, swaging rolls around which the wire passes under strain, and delivery rolls at the point where the wire passes out from the shuttle. The invention here alleged to be infringed is claimed in the following terms:

(1) The combination of a shuttle body for weaving wire with a cop case or chamber to contain the wire, and with swaging rolls, around which the wire passes after leaving the cop and before leaving the shuttle, whereby the twists of the wire are swaged into its body, and smooth weaving insured, substantially as described.

(2) The combination, substantially as hereinbefore set forth, of the cop case, the delivery rolls, and the swaging rolls interposed between the delivery rolls and the cop, for the purposes set forth.

The respondents use a shuttle which contains the cop chamber and the delivery rolls, and between them a friction block, around which the wire is strained so that the molecular condition of the wire is changed, and the twist in the wire disappears. Their shuttle is shown in the drawings of letters patent No. 299,895, issued June 3, 1884, to George F. Wright, for shuttle for weaving wire cloth. In looms for weaving yarn there had been devices similar in construction to that shown in the patent. The English patent to John Combe, dated February 20, 1857, shows a circular groove or tension post around which the thread passes from the cop before it leaves the shuttle, and the patent No. 45,682, issued December 27, 1864, to William Tunstill, shows a roller around which the weft is carried between the cop and the delivery eye. In weaving wire cloth, where the wire is wound on a spool, and not upon a bobbin, the difficulty to be encountered was that the wire as it issued from the shuttle was curved, rather than twisted; and for the purpose of retarding the flight of the wire, so as to straighten it, there had been used tension devices, an example of which is seen in the patent No. 86,233, issued January 26, 1869, to Levi Kittinger. The mechanism in which this invention is involved was, therefore, a mechanism old in form or construction. But it was not old in function. It had not been applied to the swaging of wire, or of any substance capable of undergoing that operation. The manner in which the patentee applied the mechanism was, therefore, new; and so also was there a new result, substantially different from any which had been theretofore produced,

whether by this mechanism or otherwise, in wire which was in process of formation into wire cloth. It is said that the structures existing before the patent, and shown in previous patents, may now, with slight modifications, involving only ordinary mechanical skill, be used in weaving wire cloth in the method used by the patentee. I suppose this to be true, and I conclude that in the discovery that this is true resides the invention which is protected by this patent. Pennsylvania R. Co. v. Locomotive Engine Safety Truck Co., 110 U. S. 490, 4 Sup. Ct. 220. The same observations lead me to the conclusion that the invention was not abandoned by these complainants by the descriptions of the mechanism capable of performing the function described in this patent, and by reason of which this patent is sustained, which descriptions are contained in the prior patents to Sawyer and Wright, No. 135,446, issued February 4, 1873, and to Waters and Orr, assignors to the complainants, No. 117,837, issued August 8, 1871, and No. 121,830, issued December 12, 1871.

The respondents set up in defense a prior public use of a loom containing the patented improvement. It is sufficient for me to say that I am satsified from the testimony that the alleged use was only experimental, and does not operate as a bar to the rights under the patent. My conclusion, therefore, is that there must be a decree for an injunction and for an account as prayed in the bill.